# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LENETTE BEALL, | |
| Plaintiff, | |
| v. | 2:12-cv-530-RCJ-VCF |
| TURNER BROADCASTING SYSTEMS, et al., | **ORDER** |
| Defendants. | |

Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Claims Pursuant to 12(b)(6) or in the Alternative Motion for More Definite Statement Pursuant to 12(e) (#12).

## BACKGROUND

On March 30, 2012, Plaintiff Lenette Beall filed a complaint in federal court and sued Defendants Turner Broadcasting Systems, Inc. ("TBS"), Langley Productions, Inc. ("Langley"), Sheriff Douglas Gillespie ("Sheriff Gillespie"), the Las Vegas Metropolitan Police Department ("LVMPD"), and Jane Doe Correctional Officers (collectively "Defendants"). (Compl. (#1) at 1-2).

In her complaint, Plaintiff alleged the following facts. (*Id.* at 3). Langley produced the reality television series "COPS" and "Inside American Jail." (*Id.*). Langley obtained permission from the LVMPD and Sheriff Gillespie to video record inside the Clark County Detention Center ("CCDC") in Las Vegas and obtain film footage of the interaction between pretrial detained citizens being booked and processed for alleged criminal activities, CCDC staff, and LVMPD correctional officers for the television series "Inside American Jail." (*Id.*). On April 10, 2010, Plaintiff was arrested for driving while under the influence of alcohol and transported to

the CCDC for processing and booking. (*Id.*). Langley was stationed at the CCDC obtaining footage upon Plaintiff's arrival. (*Id.*). Langley obtained video footage of Plaintiff being booked and processed into the CCDC. (*Id.*). Plaintiff was "extremely intoxicated at the time and does not recall signing a release or waiver giving Langley or [the LVMPD] permission to use Plaintiff's image." (*Id.*). Plaintiff believed that Langley obtained footage of Plaintiff without her consent because she was not mentally competent to sign a release or authorization. (*Id.*).

According to the complaint, Langley featured footage of Plaintiff on Episode 202 of the television series "Inside American Jail." (*Id.*). The episode contained "footage of . . . Plaintiff interacting with [CCDC] personnel including, *inter alia*, being questioned about her arrest and seeking admissions about the crime she was accused of committing in violation of her Fifth and Sixth Amendment right to remain silent, about the basis of her arrest and why she was in jail." (*Id.* at 4). The complaint alleged that "Plaintiff was in custody and enjoy[ed] the right to be informed of her constitutional rights, including the right to remain silent or to consult with an attorney . . . the feature also contains the name of the Plaintiff to the television audience . . . the identity of [the CCDC personnel], the first name of the individual detained, and a description of the facts surrounding the charge against the detainee." (*Id.*).

The complaint alleged that Langley intentionally edited footage of Plaintiff to promote Plaintiff in a negative light and that, as a result, she had been the subject of personal ridicule, scorn, and unwanted recognition. (*Id.* at 4-5). Plaintiff alleged that it was "a policy, practice and custom" for members of the LVMPD to work with Langley "[t]o make its detentions and investigations worthy for television, at the expense of the constitutional rights of Nevada citizens." (*Id.* at 5). In 2009, Langley donated $10,000 to Sheriff Gillespie's re-election campaign. (*Id.*). That same year, John Langley, owner of Langley, donated an additional $10,000 to Sheriff Gillespie's campaign. (*Id.*). Sheriff Gillespie personally authorized Langley to film various LVMPD activities. (*Id.* at 6). A Langley representative stated that "[t]he Sheriff ordered this [filming]; we are here to help him with his campaign for re-election." (*Id.*).

The complaint alleged nine causes of action including: (1) violation of likeness for commercial purposes against all Defendants; (2) false light-privacy against all Defendants;

(3) intentional infliction of emotional distress against all Defendants; (4) defamation against TBS; (5) violation of civil and constitutional rights to life, liberty, and property under 42 U.S.C. § 1983 against Jane Doe I and Jane Doe II; (6) violation of civil and constitutional rights to life, liberty, and property under 42 U.S.C. § 1983 against the LVMPD via municipal liability; (7) civil conspiracy under 42 U.S.C. § 1983 against all Defendants; (8) negligent training, supervision, and control against the LVMPD; and (9) negligence against the LVMPD, Sheriff Gillespie, Jane Doe II, and Jane Doe III. (*Id.* at 6-14). With respect to the sixth cause of action against the LVMPD, the complaint alleged that Plaintiff "possesed constitutional rights under the Fourth, Fifth, and Fourteenth Amendment[s] to the United States Constitution of which she was deprived." (*Id.* at 12). The complaint alleged that the LVMPD had "several policies that amounted to a deliberate indifference to Plaintiff's constitutional rights" and "were the moving force . . . of the violations of Plaintiff's constitutional rights." (*Id.*). With respect to the seventh cause of action, the complaint alleged that "Defendants deprived Plaintiff of her equal protection rights secured to [her] by [the] Fifth, Sixth, and Fourteenth Amendment[s] to the United States Constitution." (*Id.* at 13).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant

3

is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

## DISCUSSION

Defendants file a motion to dismiss the entire complaint for failure to state a claim. (Mot. to Dismiss (#12) at 1). Defendants assert that Plaintiff signed an appearance release informing her that Langley would use her video footage for purposes they deemed appropriate and that Langley could edit and air the footage at its discretion. (*Id.* at 3). With respect to the sixth cause of action, Defendants argue that the claim should be dismissed as a matter of law because Plaintiff has not alleged any facts to establish an actual violation or deprivation of her constitutional rights. (*Id.* at 12-13). Defendants assert that Plaintiff never alleges that she was improperly informed of her *Miranda*[1] rights and instead only states that, while in custody, she

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

4

enjoyed the right to remain silent or to consult with an attorney. (*Id.* at 13). Defendants note that Plaintiff does not allege that she had involuntarily spoken with the police, was coerced into speaking with them against her will, had asked for counsel, or was improperly detained. (*Id.*). With respect to the seventh cause of action, Defendants assert that the claim should be dismissed because Plaintiff fails to allege facts about an actual constitutional deprivation. (*Id.* at 14-15).

In response, Plaintiff asserts that her complaint alleges "plausible" claims. (Opp'n to Mot. to Dismiss (#15) at 4-10). With respect to the sixth cause of action, Plaintiff asserts that she states a claim for civil rights violations because she alleged that "she was deprived by Fourth, Fifth, Sixth, and Fourteenth amendment rights by the Defendants." (*Id.* at 7). Plaintiff also argues that the police assisted Langley and TBS "in committing pendant state tort claims upon [Plaintiff] by conspiring with LVMPD to deprive pre-trial detainees of their constitutional rights by filming them in [the] CCDC." (*Id.*). With respect to the seventh cause of action, Plaintiff cites the law for § 1983 civil conspiracy and state law tort conspiracy and states that she has pled sufficient facts to state a claim. (*Id.* at 9-10).

Defendants file a reply. (Reply to Mot. to Dismiss (#17)).

As an initial matter, the Court must decide whether it has subject-matter jurisdiction over this case. If the Court dismisses all of the claims over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). In this case, Plaintiff attempts to assert federal question jurisdiction by alleging three 42 U.S.C. § 1983 claims, i.e. Counts 5, 6, and 7. *See* 28 U.S.C. § 1331 (stating that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States).

With respect to the fifth cause of action, the Court dismisses this claim against Doe Defendants because "Doe" pleading is improper in federal court. *See Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001) (finding that there is no provision in the federal rules permitting the use of fictitious defendants).

With respect to the sixth cause of action, the Court grants Defendants' motion to

dismiss this municipal liability claim. "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). To establish government entity liability under *Monell*, a plaintiff must prove that: (1) the plaintiff possessed a constitutional right of which she was deprived; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Id.*

Here, Plaintiff fails to provide any facts that allege a constitutional violation. Instead, Plaintiff makes conclusory statements that her constitutional rights were violated but never identifies a violation. (*See* Compl. (#1) at 12). Plaintiff does allege that CCDC personnel questioned her about her arrest and sought admissions about the crime she was accused of committing "in violation of her Fifth and Sixth Amendment right to remain silent." (*See id.* at 4). However, these facts fail to state a constitutional violation.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This right to remain silent carries an implicit assurance that silence will carry no penalty. *United States v. Verlarde-Gomez*, 269 F.3d 1023, 1028 (9th Cir. 2001) (citing *Doyle v. Ohio*, 426 U.S. 610, 618, 96 S. Ct. 2240, 2245, 49 L. Ed. 2d 91 (1976)). The U.S. Supreme Court has held that *Miranda* warnings are a prophylactic means of safeguarding Fifth Amendment rights and that an individual has a right to remain silent in the face of government questioning, regardless of whether *Miranda* warnings are given. *Id.* A constitutional violation of the right to remain silent occurs when the government attempts to use the defendant's silence against him in a criminal proceeding. *See Greer v. Miller*, 483 U.S. 756, 763, 107 S. Ct. 3102, 3107, 97 L. Ed. 2d 618 (1987). In this case, Plaintiff fails to allege that she invoked her right to remain silent and that the government attempted to use her silence against her in a criminal proceeding. As such, Plaintiff has failed to state a constitutional violation of her right to remain silent and the Court

dismisses her sixth cause of action for failure to state a claim.

With respect to her seventh cause of action, the Court grants Defendants' motion to dismiss this claim. To state a claim for civil conspiracy under § 1983, Plaintiff must show an agreement or meeting of the minds between Defendants to violate constitutional rights. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989). Because Plaintiff has failed to identify any constitutional violations she fails to state a claim for § 1983 civil conspiracy.

Accordingly, the Court grants Defendants' motion to dismiss (#12) the federal claims–Counts 5, 6, and 7–for failure to state a claim. Based on the dismissal of these claims, the Court finds that it lacks subject-matter jurisdiction over the case. The Court declines to exercise jurisdiction over the state law claims and dismisses them without prejudice. *See Wade v. Reg. Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss (#12) is GRANTED. Specifically, the Court dismisses the federal causes of action–Counts 5, 6, and 7–for failure to state a claim and dismisses the remaining state law claims–Counts 1, 2, 3, 4, 8, and 9–for lack of jurisdiction.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 19th day of December, 2012.

_____
United States District Judge

7